ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| DIANA MARIE COLÓN ROMÁN, Peticionaria, v. GABRIEL JESÚS LÓPEZ ARRIETA, Recurrida. | KLCE202301437 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina. Civil núm.: CA2021RF00410. Sobre: divorcio-ruptura irreparable. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2024.

La controversia ante nuestra consideración está relacionada con un error cometido por el foro primario, que incide directamente sobre el derecho de una menor de edad a recibir de su padre, aquí recurrido, la aportación correspondiente a sus gastos educativos. Por concluir que tal determinación constituye un abuso de discreción, expedimos el auto de *certiorari* y revocamos la *Resolución* emitida por el Tribunal de Primera Instancia el 16 de noviembre de 2023.

I

Durante la vigencia de su matrimonio[1], los señores Diana M. Colón Román (señora Colón) y Gabriel J. López Arrieta (señor López) procrearon a una hija, C.M.L.C., el 25 de julio de 2010. Celebradas las vistas correspondientes y conforme recomendado por el Examinador de Pensiones Alimentarias (EPA)[2], los **padres estipularon**, en lo pertinente, que el señor López sufragaría "**el 53% de los gastos de matrícula, libros, uniformes, materiales escolares, cuotas de graduación, cualquier**

---

[1] La *Sentencia* de divorcio por la causal de ruptura irreparable fue dictada el 13 de julio de 2021, notificada el 20 de julio de 2021. *Véase*, apéndice del recurso, a las págs. 7-8.

[2] *Íd.*, a las págs. 9-27.

Número identificador

SEN2024_____

**cuota o gasto de graduación, gasto de cafetería y gastos médicos no cubiertos por First Medical, más el 50% de los gastos de clases de soccer y clases de arte, a ser reembolsados en un término de 30 días, mediante pago directo y presentación de evidencia."** (Énfasis en el original[3]). El 28 de enero de 2022, notificada el 31 de enero de 2022, el tribunal dictó la *Resolución* a esos efectos[4].

En ese entonces la menor estudiaba en un colegio privado, la Escuela Josefita Monserrate de Sellés, que ubica en Rio Piedras[5]. Una vez culminó sus estudios allí, los padres acordaron matricular a la menor en el colegio CEDIN (Escuela Laboratorio de la Universidad Interamericana, Recinto Metropolitano)[6].

El 17 de marzo de 2023, la señora Colón presentó una solicitud para que el foro primario autorizara el cambio de escuela de la menor[7]. Conforme adujera, la sicóloga de la menor había recomendado el cambio, pues en el CEDIN se habían suscitado uno incidentes, que presuntamente exacerbaban el cuadro clínico de la menor. La señora Colón consignó que el padre se oponía a dicho cambio.

Conforme le fuese ordenado, el 4 de abril de 2023, el señor López se opuso al cambio de escuela, relató haber conversado con la sicóloga y solicitó un término adicional para celebrar una reunión con la sicóloga con el fin de validar su recomendación y los motivos para ella[8]. Apuntó, además, que el colegio que se estaba proponiendo, el Colegio Puertorriqueño de Niñas (CPN), conllevaba un costo adicional, que las partes litigantes no podían sufragar[9].

---

[3] *Véase*, apéndice del recurso, a la pág. 29.

[4] *Íd.*, a las págs. 28-30.

[5] *Íd.*, a la pág. 31.

[6] *Íd.*

[7] *Íd.*, a las págs. 31-33.

[8] *Íd.*, a las págs. 35-39.

[9] *Íd.*, a la pág. 37, alegación núm. 12.

El 27 de junio de 2023, el tribunal celebró una vista para dilucidar la controversia. Conforme surge de la minuta de la vista[10], los padres expusieron sus sendas posiciones. Entre otras cosas, el tribunal autorizó que los padres se reunieran con la sicóloga de la menor y ordenó que, de no ponerse de acuerdo, le sometieran mediante moción las alternativas escolares.

El 7 de agosto de 2023, el tribunal celebró otra vista[11] sobre el mismo tema. A esa vista comparecieron la directora del CEDIN, la sicóloga de la menor y la menor. Tanto la sicóloga como la directora del CEDIN testificaron bajo juramento, y fueron interrogadas y contrainterrogadas por las abogadas de las partes litigantes.

Como resultado de la vista, en lo pertinente, el tribunal ordenó mantener a la menor en el CEDIN, hasta que otra cosa acordaran los padres entre sí.

Mediante una orden dictada y notificada en esa misma fecha, 7 de agosto, el tribunal concedió a los padres hasta el 11 de agosto de 2023, para informar sobre una propuesta escolar hecha por la señora Colón[12].

Posteriormente, el 15 de agosto de 2023, la señora Colón presentó una moción que informaba de los incumplimientos del señor López[13] y de la imposibilidad de llegar a un acuerdo.

En esa misma fecha, la señora Colón informó que la menor no había sido matriculada en el CEDIN, a la espera del acuerdo con el señor López. El colegió le informó que el proceso de matrícula para octavo grado había culminado y las clases habían comenzado[14].

---

[10] *Véase*, apéndice del recurso, a las págs. 41-46.

[11] *Íd.*, a las págs. 47-52.

[12] *Íd.*, a las págs. 53-55.

[13] *Íd.*, a las págs. 56-64. Según surge de esta moción, la preferencia de la menor era asistir al CPN. La propuesta que hacía la señora Colón era que el padre autorizara el cambio y que ella se comprometía a sufragar la **diferencia** entre la mensualidad y la matrícula del CEDIN y las del CPN. *Íd.*, a la pág. 57, párrafo núm. 20.

[14] *Íd.*, a las págs. 65-68.

El 17 de agosto de 2023, la señora Colón presentó otra moción[15]. En esta, informó que la menor había sido dada de alta del hospital[16] el 16 de agosto y que continuaría en un programa de hospitalización parcial. Además, reiteró que las clases en el CEDIN habían comenzado y la menor no había sido matriculada para el semestre escolar agosto-diciembre. De otra parte, también informó que el CPN la había admitido y que tenía hasta esa fecha para completar el proceso de matrícula.

A pesar de lo informado, el 18 de agosto de 2023, notificada en esa fecha, el tribunal emitió una orden en la que concedió a las partes litigantes un término de 5 días para informar si la menor había sido matriculada en el CEDIN. Dispuso que, de "no haber cupo en CEDIN, será matriculada en CPN pues la menor no puede quedarse sin escuela."[17] Añadió que: "Es en el mejor interés de la menor que esté matriculada lo antes posible y ambos padres deberán hacer todas las gestiones en el día de hoy so pena de desacato y severas sanciones."[18]

El 23 de agosto de 2023, el señor López compareció y adujo que la señora Colón había desatendido todas las órdenes del tribunal y que, de manera unilateral, había optado por matricular a la menor en el CPN. A la luz de ello, solicitó que el tribunal le impusiera a ella el pago de la totalidad de los gastos educativos de la menor[19].

El 21 de septiembre, notificada en esa fecha, el foro primario emitió una *Resolución*[20], en la que declaró sin lugar la solicitud del señor López. En su parte pertinente, el tribunal dispuso:

> […]. Surge claramente del expediente que este Tribunal autorizó la matrícula de la menor en la escuela privada, CPN, si la escuela privada CEDIN mantenía su determinación de no matricular a la menor en el octavo grado. El garantizar que la menor comenzara a la brevedad a cursar sus estudios en el octavo grado se atendió con [*sic*] la única alternativa

---

[15] *Véase*, apéndice del recurso, a las págs. 69-72.

[16] Se refería a *San Jorge Children´s Hospital*, Unidad de Salud Mental.

[17] *Véase*, apéndice del recurso, a las págs. 73-74.

[18] *Íd.*, a la pág. 74.

[19] *Íd.*, a las págs. 75-76.

[20] *Íd.*, a las págs. 77-78.

> disponible. El matricular a la menor en CPN y su comienzo de clases el 21 de agosto de 2023, resultó en el mejor bienestar de la menor. Habiendo el demandado sugerido el 20 de agosto de 2023, "Cupeyville" como alternativa para la menor, oferta académica previamente rechazada por él por razones de costo, lleva al Tribunal a concluir que el costo de la educación de la menor para el 20 de agosto de 2023, no es un factor a considerar. **Se mantiene** la Resolución dictada el 28 de enero de 2021, la cual establece la pensión alimentaria a ser pagada por el demandado y la aportación de las partes a los gastos educativos de la menor de la forma porcentual.

(Énfasis en el original).

El 6 de octubre de 2023, y de manera oportuna, el señor López presentó su reconsideración a la resolución del 21 de septiembre[21]. En síntesis, planteó que la señora Colón había actuado de manera consciente y en abierta violación a sus derechos como padre con patria potestad compartida, y que la matrícula en el CPN había sido tomada de manera unilateral y de mala fe por la señora Colón. Solicitó que, a consecuencia de ello, le impusiera a la señora Colón el costo total de la educación de la menor. Por último, le imputó al tribunal una conducta prejuiciada hacia la señora Colón, que redundaba en la violación de sus derechos como padre con patria potestad.

En respuesta, ese mismo 6 de octubre, el tribunal ordenó como sigue[22]:

> 10 días para exponer las instancias en que este Juez ha permitido que la parte **demandante pase por alto la patria potestad como se alega y se ennegrece** (para resaltar) en el inciso 6 de la presente moción [de reconsideración], pues no es lo que se refleja en el expediente ni en las múltiples vistas que ha celebrado este Juez para atender este caso.

> En cuanto a la Reconsideración[,] 20 días a la parte demandada para replicar.

(Énfasis en el original).

El 16 de octubre de 2023, el señor López presentó su *Escrito en cumplimiento de orden*[23]. En ella, de manera sucinta, el señor López hizo alusión a una moción del 12 de agosto de 2021, sobre una contraseña de

---

[21] *Véase*, apéndice del recurso, a las págs. 79-81.

[22] *Íd.*, a la pág. 82.

[23] *Íd.*, a las págs. 83-84.

un *Apple ID* de la menor; a una vista celebrada el 23 de septiembre de 2021, sobre el tema de unas tutorías de la menor; y, finalmente, sobre la admisión de la menor en el CPN sin su consentimiento. Adujo que todo ello se suscitó sin consecuencia alguna para la señora Colón.

**En respuesta a la moción en cumplimiento de orden del señor López**[24], el 18 de octubre de 2023, notificada en esa fecha, el tribunal dispuso:

> Las instancias incluidas en la presente moción NO demuestran que este tribunal ha permitido que la demandante pase por alto la patria potestad. Este tribunal ha celebrado múltiples vistas presenciales y por videoconferencia para atender todos los asuntos presentados por las partes cuando no se ha podido poner de acuerdo con los asuntos de la menor, en cumplimiento con el debido procedimiento de ley. Ha escuchado a las partes y sus alegaciones y ha hecho determinaciones (en ocasiones a favor de la demandante y en otras a favor del demandado) velando por el mejor bienestar de la menor. De alguna de las partes no estar de acuerdo con las determinaciones del tribunal lo que procede es que conforme a los términos establecidos en las reglas, reglamentos y el ordenamiento jurídico pidan revisión en el Tribunal de Apelaciones. Entendemos que el expediente, grabaciones y minutas hablan por si solo.

(Mayúsculas en el original).

El 15 de noviembre de 2023, el señor López presentó un *Escrito reiterando solicitud de reconsideración, sin oposición*[25]. En ella, llamó la atención al tribunal al hecho de que la oposición a su solicitud de reconsideración presentada el 6 de octubre que, conforme a la orden de esa misma fecha debía ser contestada por la señora Colón el 26 de octubre de 2023, aún no había sido presentada. Solicitó que se acogiera su reconsideración y se le impusiera a la señora Colón el pago de la totalidad de la matrícula y de los pagos mensuales de la escuela.

---

[24] *Véase*, apéndice del recurso, a las págs. 85-86. **Contrario a lo aseverado por la peticionaria en su recurso, la hoja de notificación de esta orden dispone claramente qué moción se atendía; por tanto, resulta evidente que la intención del tribunal no fue resolver la solicitud de reconsideración presentada por el señor López el 6 de octubre de 2023, sino atender su infundada queja sobre un presunto prejuicio a favor de la señora Colón**.

[25] *Íd.*, a las págs. 92-93.

Al día siguiente, la señora Colón presentó su *Oposición a "Moción de Reconsideración"*[26]. **De la lectura del escrito surge que la señora Colón interpretó erróneamente la orden dictada el 18 de octubre de 2023; entendió que dicha orden había atendido la solicitud de reconsideración del señor López, por lo que la había denegado y apercibido a las partes litigantes de su derecho a acudir en alzada**. Así pues, solicitó que el foro primario sostuviera su determinación del 21 de septiembre de 2023.

El mismo 16 de noviembre de 2023, notificada al día siguiente, el tribunal dispuso lo siguiente[27]:

> Atendida la Solicitud de Reconsideración del demandado, Gabriel J. López Arrieta, y **vencido en exceso el término concedido a la demandante para replicarla**, este Tribunal dispone lo siguiente:
>
> Con relación al gasto educativo de la menor, la demandante será responsable de la totalidad del pago de matrícula, mensualidades y gastos exigidos o reclamados por el Colegio Puertorriqueño de Niñas.
>
> Al demandado le corresponderá realizar el pago, mediante reembolso, del gasto de materiales, uniformes y libros de la menor, de conformidad con el porciento fijado en la Resolución de alimentos del pasado 28 de enero de 2021, notificada y archivada en autos el 31 de enero de 2021.
>
> En atención a lo anterior, este Tribunal declara Ha Lugar la Solicitud de Reconsideración y se dicta la presente Resolución de conformidad.

(Énfasis nuestro).

Inconforme, el 18 de diciembre de 2023, la señora Colón instó este recurso de *certiorari*, en el que le imputó al tribunal haber incurrido en el siguiente error:

> Erró el Tribunal de Primera Instancia cuando declaró Ha Lugar la Solicitud de Reconsideración del Demandado, estando la misma fuera de término, alegadamente sin oposición de la Demandante, cuando el Tribunal Recurrido mediante orden dictada y notificada el 18 de octubre de 2023, informó a ambas partes que en cuanto a la Reconsideración del Sr. López, su determinación era final y firme y que de alguna no estar de acuerdo, con las determinaciones del tribunal lo que procede es que conforme a los términos establecidos en las reglas, reglamentos y el ordenamiento jurídico pidan revisión en el Tribunal de Apelaciones.

---

[26] *Véase*, apéndice del recurso, a las págs. 94-96.

[27] *Íd.*, a las págs. 97-98.

Conforme surge de la discusión del señalamiento de error, la señora Colón insiste en que la solicitud de reconsideración presentada por el señor López había sido resuelta por el foro primario en su orden dictada el 18 de octubre de 2023. Basada en ese evidente error en su lectura de la orden y de su hoja de notificación, la señora Colón aduce que procede expedir el auto y revocar la resolución del 16 de noviembre de 2023.

Por su parte, conforme le ordenásemos, el señor López presentó su oposición a la expedición del recurso el 19 de enero de 2023. En síntesis, arguyó que la señora Colón había hecho una lectura errada de la resolución del 16 de noviembre de 2023, por lo que el error imputado no se había cometido. Solicitó, además, que este Tribunal le impusiera a la peticionaria el pago de honorarios por temeridad.

Perfeccionado el recurso, resolvemos.

II

A

De ordinario, aquel que presenta un recurso de *certiorari* pretende la revisión de asuntos interlocutorios, que han sido dispuestos por el foro primario en el transcurso y manejo del caso. Por tanto, distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Por su lado, la Regla 52.1 de las de Procedimiento Civil, delimitó los asuntos que este Tribunal puede revisar mediante el recurso de *certiorari*. A saber:

.        .        .        .        .        .        .        .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto anteriormente, **el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia** cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, **en casos de relaciones de familia**, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

.      .      .      .      .      .      .      .

32 LPRA Ap. V, R. 52.1. (Énfasis nuestro).

De otra parte, precisa señalar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción en los asuntos interlocutorios ante la consideración del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya

equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Aunque la Regla 52.1 de las de Procedimiento Civil confiere competencia a este foro apelativo para intervenir y acoger un *certiorari* sobre asuntos interlocutorios o dispositivos, ello está sujeto al ejercicio de nuestra discreción a los efectos de expedirlo o denegarlo.

B

"El derecho a reclamar alimentos, como parte del derecho a la vida, tiene profundas raíces constitucionales". *Toro Sotomayor v. Colón Cruz*, 176 DPR 528, 535 (2009). Es un derecho fundamental, "que se acentúa cuando están involucrados los alimentos de menores y que forma parte del poder de *parens patriae* del Estado". *Íd.*

El Tribunal Supremo de Puerto Rico ha sido consecuente al reiterar que, "los menores tienen un derecho fundamental a reclamar alimentos, que los casos relacionados con los alimentos de los menores están revestidos del más alto interés público y que en éstos el interés no puede ser otro que el bienestar del menor". *Íd.*

Es decir, la obligación de alimentar no es tan solo un derecho fundamental, sino que también es un imperativo jurídico, que ha sido consagrado en varios de los artículos de nuestro Código Civil. *Martínez v. Rodríguez*, 160 DPR 145, 151-152 (2006). Así pues, "la obligación del sustento de los menores recae en ambos padres". *Íd.* Dicha "obligación cubre **todo lo que es indispensable al sustento del menor, su habitación, vestido y asistencia médica, entre otros**". *McConnell v. Palau*, 161 DPR 734, 746 (2004). (Énfasis nuestro).

III

En primer lugar, resaltamos lo previamente discutido en cuanto al señalamiento de error propuesto por la parte peticionaria. Es la señora Colón quien se equivoca en la interpretación de la orden dictada por el foro primario el 18 de octubre de 2023. Esta orden no atendía la solicitud de reconsideración oportunamente presentada por el señor López, y una concienzuda lectura de la orden y de su hoja de notificación así lo habría evidenciado[28].

De otra parte, enfatizamos que este Tribunal es plenamente consciente de la amplia discreción que ostenta el Tribunal de Primera Instancia sobre el manejo de los casos que se ventilan ante sí[29]. Sin embargo, tanto la Regla 52.1 de las de Procedimiento Civil, como nuestra Regla 40, nos autorizan a entrar en los méritos de este recurso. Primero, pues se trata de un caso de relaciones de familia y, segundo, porque intentamos remediar lo que, por su propia naturaleza, constituye un fracaso a la justicia y un abuso de discreción.

En la resolución objeto de este recurso, el foro primario consignó que la señora Colón no se había opuesto oportunamente a la solicitud de reconsideración del señor López. Ello es correcto. Ella contaba con un término, que vencía el 26 de octubre de 2023, para oponerse y no lo hizo. Sin embargo, tal omisión por sí sola no justificaba la revocación de la bien fundamentada *Resolución* del 21 de septiembre de 2023.

Como consignó el Tribunal de Primera Instancia en su *Resolución* del 21 de septiembre: "El matricular a la menor en CPN y su comienzo de clases el 21 de agosto de 2023, resultó en el mejor bienestar de la menor."[30] Añadió que, a la luz de que el padre había sugerido su matrícula en el colegio privado Cupeyville, podía concluir que el factor económico no

---

[28] Este Tribunal no está en posición de concluir que tal lectura errada fuera intencional. Por tanto, declaramos **sin lugar** la solicitud del señor López a los efectos de que impongamos a la señora Colón el pago de honorarios por temeridad.

[29] Nos remitimos a la decisión más reciente sobre este tema que el Tribunal Supremo de Puerto Rico emitió el 19 de diciembre de 2023, en *Banco Popular de Puerto Rico v. Andrés Gómez Alayón, y otros*, 2023 TSPR 145, a la pág. 21.

[30] *Véase*, apéndice del recurso, a la pág. 78.

constituía un impedimento real para que la menor asistiera al CPN. Así pues, determinó que procedía mantener en vigor su *Resolución* del 28 de enero de 2021, que había fijado, por estipulación de las partes litigantes, el porciento que el señor López habría de aportar a la educación de su hija.

Estas dos determinaciones del foro primario fueron tomadas de manera concienzuda, justa y basadas en el trámite del caso. Como surge del récord, el tribunal celebró varias vistas, atendió las inquietudes de las partes litigantes, escuchó y aquilató el testimonio de varios testigos, y, finalmente, sostuvo la estipulación de las partes litigantes, según fueran adoptadas en su *Resolución* del 28 de enero de 2021. El tribunal, de manera reiterada, le hizo saber a las partes litigantes que el mejor bienestar de la menor constituía el criterio fundamental en las que basaba sus determinaciones.

Sin embargo, luego de que la representación legal del señor López adujera, sin fundamento válido en derecho y livianamente, que el tribunal había exhibido una conducta prejuiciada a favor de la señora Colón, este optó por penalizarla, obligándola a asumir el costo total de la matrícula de la menor en el CPN. Una orden de mostrar causa o una sanción económica habría bastado para penalizar a la señora Colón por su interpretación errónea de la orden dictada el 18 de octubre de 2023.

Si algo surge con meridiana claridad del récord de este caso, es la sensibilidad y diligencia con la que el juez ha atendido el mismo. No obstante, en esta instancia, abusó de su discreción y dejó sin efecto una determinación previa (21 de septiembre de 2023), que había estado basada, no en meras alegaciones, sino en su análisis de la prueba que tuvo ante sí, reconociendo que la continuación de los estudios de la menor gozaba de la mayor importancia y que, como parte de sus obligaciones, el padre se había comprometido a aportar el 53% de los gastos de matrícula de la menor.

IV

A la luz de lo antes expuesto, este Tribunal concluye que el foro primario abusó de su discreción, por lo que **expedimos el auto de *certiorari* y revocamos la *Resolución* dictada el 16 de noviembre de 2023**. Ello implica que continúa en vigor la *Resolución* dictada por el Tribunal de Primera Instancia el 21 de septiembre de 2023, por lo que el señor Gabriel J. López Arrieta continúa obligado a sufragar el 53% del costo de la matrícula de la menor C.M.L.C, cónsono a lo estipulado por las partes litigantes y acogido en la *Resolución* del 28 de enero de 2021. Esta determinación estará en vigor hasta que, luego de recibir la prueba necesaria, el Tribunal de Primera Instancia otra cosa decida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones